# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| B.M.H., through his father, MICHAEL T. HALE | * | CIVIL ACTION NO. 10-1533 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner of Social Security's denial of disability insurance benefits. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED** and **REMANDED** for further proceedings.

## Background

On January 14, 2008, Michael Hale protectively filed an application for Supplemental Security Income (SSI) benefits on behalf of his minor son, B.M.H. (claimant), who was born in September 1998. (Tr. 125-130, 142).[1] Hale alleged that his son has been disabled since January 14, 2008, because of ADHD, dyslexia, auditory processing disorder, expressive learning disorder, and sensory integration disorder. (Tr. 135). The claim was denied at the initial stage of the

---

[1] The court refers to the minor by his initials in accordance with LR 5.82W and the E-Government Act of 2002. Michael Todd Hale is the designated payee for the minor, B.M.H. (Tr. 81-82).

administrative process.  (Tr. 78-79, 86-89).  Accordingly, plaintiff requested, and received a December 2, 2008, hearing  before an Administrative Law Judge ("ALJ").  (Tr. 38-60).  The ALJ also held a supplemental hearing on August 19, 2009, to afford plaintiff the opportunity to cross-examine a medical expert, Barbara Felkins, M.D., regarding her responses to written interrogatories issued by the ALJ.  (Tr. 61-77).  By decision dated December 9, 2009, the ALJ determined that the claimant was not disabled under the Act.  (Tr. 8-29).  Plaintiff appealed the adverse decision to the Appeals Council.  On August 11, 2010, however, the Appeals Council denied the request for review; thus the ALJ's decision became the final decision of the Commissioner.  (Tr. 1-3).

On October 6, 2010, Hale sought review before this court.  He alleges the following errors:

1)    the ALJ erred by rejecting the opinion of plaintiff's treating physician, and instead according great weight to the opinion of the non-examining medical expert;

2)    the ALJ failed to properly evaluate B.M.H.'s functional limitations; and

3)    the ALJ's credibility determination is not supported by substantial evidence.

### Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards.  *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).  Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards.

2

*Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, it contemplates "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination.  *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).  The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citation omitted).

## Law

On August 22, 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub.L. 104-193, 110 Stat. 2105, which amended 42 U.S.C. §1382c(a)(3).  Pursuant to this law, a child under the age of eighteen is considered disabled for purposes of SSI benefits if "that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(I) (1997).

The regulations set forth a three-step process for a child seeking benefits.  First, the ALJ must determine if the child is engaged in substantial gainful activity.  20 C.F.R. § 416.924.  If the child is not so engaged, then the ALJ determines whether the child has a medically determinable impairment(s) that is severe.  *Id*.  An impairment(s) will not be deemed severe if it constitutes a

3

"slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations." *Id.* Finally, an impairment(s) that is severe also must meet, equal, or functionally equal a listed impairment. *Id*.

## Discussion

The ALJ determined that B.M.H. had not engaged in substantial gainful activity since the alleged onset date. (Tr. 14). He further found that B.M.H. suffers from severe impairments of Attention Deficit Hyperactivity Disorder ("ADHD"), Central Auditory Processing Disorder; Learning Disability; Speech Impairment; and Dyslexia. *Id*. The ALJ concluded, however, that these impairments neither met nor medically equaled a listed impairment. *Id*. Accordingly, he proceeded to consider whether B.M.H.'s impairments functionally equaled a listed impairment.

The regulations provide that an impairment is functionally equivalent to a listed impairment if it results in an extreme limitation in one domain of functioning or marked limitations in two domains. 20 C.F.R. § 416.926a.(a). When assessing functional limitations, the Commissioner considers all relevant factors including, but not limited to:

1)      How well [the claimant] can initiate and sustain activities, how much extra help [the claimant] need[s], and the effects of structured or supportive settings;

2)      How [the claimant] function[s] in school; and

3)      The effects of [the claimant's] medications or other treatment.

20 C.F.R. § 416.926a(a) (internal citations omitted).

The Commissioner considers the claimant's functional activities in terms of six domains:  (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being.  20 C.F.R. § 416.926a(b).

4

Under the regulations, an "extreme" limitation is assessed when the impairment(s) interferes very seriously with the claimant's ability to independently initiate, sustain, or complete activities.  20 C.F.R. §416.926a(e)(3).  Day-to-day functioning may be seriously limited when the impairment(s) limits only one activity or when the interactive and cumulative effects of the impairment(s) limit several activities.  *Id*.  An "extreme" limitation is equivalent to standardized test scores that are at least three standard deviations below the mean.  *Id*.  "Extreme" limitation, however, does not necessarily mean a complete lack or loss of ability to function.  *Id*.

The term "marked" may be established when a claimant's impairments seriously interfere with the claimant's ability to independently initiate, sustain, or complete activities.  20 C.F.R. § 416.926a(e)(2).  "Marked" limitation also refers to a limitation that is more than "moderate," but "less than extreme."  *Id*.  A "marked" limitation is equivalent to standardized test scores that are at least two, but less than three standard deviations below the mean.  *Id*.

In the case *sub judice*, the ALJ determined that B.M.H. suffered less than marked limitations in the domains of acquiring and using information, attending and completing tasks, and interacting and relating with others.  (Tr. 17-24).  He further found that claimant had no limitations of functioning in the three remaining domains.  (Tr. 25-28).  Because the claimant did not have two "marked" limitations or one "extreme" limitation of functioning, the ALJ concluded that B.M.H. did not have an impairment that functionally equaled any of the impairments listed in Appendix 1, Subpart P, of Regulation No. 4.  (Tr. 14).

The instant record contains an attorney-supplied medical statement completed by one of B.M.H.'s treating physicians, Georgianna Burns, M.D., on April 29, 2009.  (Tr. 315-316).  Burns noted that the evaluation stemmed from B.M.H.'s diagnosis of ADHD.  *Id*.  After some

5

equivocation,[2] Burns indicated that B.M.H. had marked limitations of functioning in the domains of acquiring and using information and interacting and relating with others, plus an extreme limitation in the domain of attending and completing tasks. *Id*. She further opined that B.M.H. exhibited a moderate limitation in caring for himself, but no limitations in moving about and manipulating objects or health and well-being. *Id*.

In his decision, the ALJ stated that he assigned "some weight" to the opinion of Dr. Burns, but effectively rejected her assessment regarding the functional severity of B.M.H.'s impairments. (Tr. 28-29). Instead, he assigned "great weight" to the interrogatory responses submitted by Dr. Felkins, the non-examining psychiatrist, who opined that B.M.H. had less than marked or no limitation of functioning in all six domains. (Tr. 304-309). As aptly pointed out by plaintiff, however, a contradictory report by a non-examining physician does not provide good cause to disregard the opinion of the treating physician or psychologist. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988) (citation omitted). In addition, "an ALJ may properly rely on a non-examining physician's assessment when . . . those findings are based upon a careful evaluation of the medical evidence and *do not contradict those of the examining physician*." *Carrier v. Sullivan*, 944 F.2d 243, 246 (5th Cir.1991) (quoting, *Villa v. Sullivan*, 895 F.2d 1019,1024 (5th Cir. 1990)) (emphasis added).[3] Here, Dr. Felkins' findings clearly contradict the

_____

[2] She initially indicated that B.M.H.'s limitations of functioning were no more than moderate.

[3] The Fifth Circuit cited *Lamb v. Bowen* for the proposition that the reports of non-examining physicians do not provide substantial evidence when the non-examining physician's medical conclusions "contradict or are unsupported by findings made by an examining physician." *Villa, supra* (citing, *Lamb, supra*; and *Strickland v. Harris*, 615 F.2d 1103, 1109-10 (5th Cir. 1980)).

6

findings of plaintiff's treating psychologist, and thus do not provide substantial support for the ALJ's determination.

Furthermore, ordinarily, a treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." 20 C.F.R. § 416.927(d)(2). If the ALJ declines to accord controlling weight to a treating source, then he must apply the following factors in determining the weight to give to the opinion, 1) length of treatment; 2) nature and extent of the treatment relationship; 3) supportability; 4) consistency; 5) specialization; and 6) other factors. 20 C.F.R. § 416.927(d)(2)-(6). Moreover, absent competing, reliable medical evidence from another treating or examining physician, "an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a *detailed analysis* of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.[927](d)(2)." *Beasley v. Barnhart*, 191 Fed. Appx. 331, *4 (5th Cir. July 25, 2006) (unpubl.) (citing *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000) (second emphasis added by *Beasley*).[4]

Here, however, the record is devoid of any other opinion from a treating or examining source to countervail the limitations of functioning recognized by Dr. Burns. Accordingly, the ALJ was required to engage in a *detailed analysis* of the § 416.927(d)(2) factors. Nevertheless, the instant ALJ noted no more than that Burns was not trained in psychiatry, did not provide any explanation for her rationale, listed solely a diagnosis for ADHD, and failed to include medical

---

[4] The Commissioner contends that *Newton* only requires analysis of the §§ 404.1527(d)/416.927(d) factors when the ALJ endeavored to disregard the opinion of a treating *specialist*. However, subsequent Fifth Circuit cases have not so limited the holding in *Newton*. *See e.g., Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003).

progress notes in the claimant's file.  (Tr. 29).  While these reasons clearly touch upon some of

the § 416.927(d)(2) factors, this court cannot conclude the rationale constitutes a "detailed

analysis," especially when the ALJ did not even identify the relevant factors.  *See Beasley, supra*

(ALJ failed to perform detailed analysis, where the ALJ neither recited the factors, nor discussed

all of them).  The ALJ's failure to complete the requisite "detailed analysis" is an error that

affects plaintiff's substantial rights, thereby requiring remand.  *Beasley, supra*; *Audler v. Astrue*,

501 F.3d 446, 448 (5th Cir. 2007) (ALJ's omission does not require remand unless it affected

claimant's substantial rights); *Costanza v. Astrue*, 2007 WL 4699149 (W.D. La. Nov. 29, 2007)

(recognizing that ALJ's failure to perform detailed analysis affects the claimant's substantial

rights).[5]

## Conclusion

Plaintiff urges the court to enter a judgment awarding benefits.  The courts have power to

enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or

reversing the decision of the Commissioner of Social Security, with or without remanding the

cause for a rehearing."  42 U.S.C. §405(g).  When reversal is warranted,  the matter is remanded

with instructions to make an award only if the record enables the court to conclusively determine

that the claimant is entitled to benefits.  *See Ferguson v. Heckler*,  750 F.2d 503, 505 (5th Cir.

1985); *see also Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with

direction to enter judgment where the evidence was not substantial and the record clearly showed

the claimant's right to benefits).

---

[5]  The court need not reach plaintiff's remaining assignment(s) of error.

The instant record is not so disposed.  Whether B.M.H.'s impairments functionally equal a listed impairment remains indeterminate.  Upon remand, the ALJ should re-contact Dr. Burns to obtain the missing progress reports, and provide her with a medical source statement that explains agency terms such as "marked" and "extreme," so Dr. Burns can render an informed opinion regarding B.M.H.'s functional limitations.  Further, if necessary, the ALJ should send B.M.H. to be examined by a consultative specialist(s), who can review plaintiff's records and issue a medical source statement for the period at issue.

For the foregoing reasons,

**IT IS RECOMMENDED** that the Commissioner's decision to deny supplemental security income benefits be **REVERSED and REMANDED** for further proceedings as set forth herein.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen  (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 14th day of

December 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

10