UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| B.M.H., through his father, MICHAEL T. HALE | * | CIVIL ACTION NO. 10-1533 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Attorney Fees filed by plaintiff B.M.H. through his father, Michael T. Hale, pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412. [doc. # 16]. The Commissioner does not oppose the fee request in principle, but contends that under the EAJA, the fee award is payable to the claimant, not his attorney. *See* Def. Response (citing *Astrue v. Ratliff*, ___ U.S. ___, 130 S.Ct. 2521, 2522 (2010)). Subject to the foregoing exception, and as further explained below, it is recommended that the motion be GRANTED, and that the Commissioner be ordered to pay attorney's fees in the amount of $5,835.00 (38.9 hours at $150.00 per hour) plus costs and expenses totaling $486.53.

**I.     EAJA**

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA.

*Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).[1]  The Commissioner does not contest that plaintiff is entitled to recover fees, and therefore does not contest that plaintiff is the prevailing party.

II.     **Hourly Rate**

The EAJA provides in relevant part that the amount of fees awarded:

shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii).  The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted).  When a given locale has experienced a significant change in the cost of living, the court should increase the hourly rate beyond the nominal statutory cap.  *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988).  The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated *"only to the extent necessary to ensure an adequate source of representation."*  *Id*. (emphasis added).

In *Williams v. Astrue*, this court weighed cost of living increases since 1994 against prevailing market conditions and the healthy community of social security practitioners in this area, before settling upon an EAJA hourly rate of $150 for attorney work performed in 2008 and beyond.  *See Williams v. Astrue*, 2009 WL 703288 (W. D. La. Feb. 26, 2009) (Report and Recommendation); 2009 WL 703285 (W.D. La. Mar. 17, 2009) (Order denying reconsideration);

---

[1] On January 24, 2012, the District Court entered judgment reversing and remanding this case to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).  (Judgment [doc. # 15]).

2009 WL 824527 (W.D. La. Mar. 23, 2009) (Judgment). In this case, the hourly rate requested by plaintiff comports with *Williams, supra*.

### III. Hours Reasonably Expended

As the fee applicant, plaintiff bears the burden of demonstrating the reasonableness of the number of hours expended on the claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir.1990). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) (quoting *Hensley, supra*). Furthermore, the district court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id*.

Plaintiff's attorneys assert that they expended a total of 38.9 hours on this case. The Commissioner did not object. Furthermore, the undersigned has reviewed the statement of charges submitted by plaintiff's counsel, and has determined that they are reasonable in the amount of time spent on the services performed.

### IV. Expenses and Costs

Taxation of costs under 28 U.S.C. § 1920 is authorized under EAJA, 28 U.S.C. § 2412(a). Costs include the filing fee and fees for printing and copies. 28 U.S.C. § 1920(a)(1). Litigation expenses are compensable under the EAJA provided they are reasonable and necessary. *Jean v. Nelson,* 863 F.2d 759, 778 (11th Cir. 1988).

Here, plaintiff seeks to recover $350 for the filing fee and $136.53 for copying and postage expenses. The Commissioner did not object. Accordingly, the court finds that the requested costs and expenses are reasonable and necessary.

### V. Check Payable to Plaintiff

Plaintiff's counsel contends that because plaintiff assigned his right to attorney's fees to

counsel, any payment of fees should be made directly to counsel – provided plaintiff does not owe a federal debt.  However, this court has held that the Commissioner should issue the check made payable to plaintiff, but deliver the check to plaintiff's counsel.  *McLeland v. Astrue*, Civil Action No. 09-0219 (W.D. La. 9/13/2010) [doc. #s 44-5] (James, C.J.).  The same result is compelled here.  Accordingly,

IT IS RECOMMENDED that the Petition for Attorney Fees [doc. # 16] be GRANTED, and that the Commissioner be ordered to remit to plaintiff's counsel a check made payable to plaintiff B.M.H. through his father, Michael T. Hale, for attorney fees in the amount of $5,835.00 (38.9 hours at $150.00 per hour) plus costs and expenses totaling $486.53.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 20th day of March 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE